1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8  COREY MATTHEW CAMPANA,                    )
9              Plaintiff,                    )
                                             )          3:15-cv-00214-RCJ-WGC
10             v.                            )
                                             )
11  NORTHERN DEPARTMENT OF                   )          **ORDER**
    CORRECTIONS, et al.,                     )
12                                           )
             Defendants.                     )
13  _____ )

14

15        Plaintiff has submitted a motion for reconsideration. (ECF No. 20). Plaintiff asserts the

16  Court should reconsider its dismissal of defendants Oxborrow, Sandoval, Jones, and

    Schuering. (*Id.* at 1).
17

18        A motion to reconsider must set forth "some valid reason why the court should

19  reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to

20  persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d

    1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with
21
    newly discovered evidence, (2) committed clear error or the initial decision was manifestly
22
    unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands,*
23
    *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to
24
    re-litigate the same issues and arguments upon which the court already has ruled." *Brown*
25
    *v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).
26

27        In its screening order, the Court dismissed defendant Schuering because Plaintiff

28  declined to follow his direction to gargle with salt water three times daily. (ECF No. 17 at 8:18-

20).  The Court noted Plaintiff's claim "is a disagreement with the treatment regimen sounding in professional malpractice."  (*Id.* at 8:19-20).  Plaintiff asserts his claim should be permitted to proceed against defendant Schuering because defendant Schuering did not provide him with salt.

Plaintiff's new assertion concerning his lack of salt is insufficient to vitiate the Court's conclusions.  A showing of deliberate indifference requires a purposeful act or failure to respond to a prisoner's pain or medical need.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff does not allege defendant Schuering had any idea that Plaintiff lacked salt, nor does Plaintiff allege that he requested salt to follow defendant Schuering's directive and that he was denied that request.  Plaintiff does not otherwise demonstrate a purposeful act or failure on defendant Schuering's part to respond to his need.  As such, Plaintiff's motion for reconsideration as to defendant Schuering is denied.

Plaintiff contends that defendants Oxborrow, Sandoval, and Jones should not have been dismissed because he disputes the Court's analysis that these individuals had no authority to make the decision to provide him the treatment he desired.  (ECF No. 20 at 4).  Plaintiff asserts these individuals should have requested aid from the White Pine County Sheriff's Office.  (*Id.*).  As the Court stated in the screening order, a fair inference cannot be drawn that any of these individuals had the authority or the power to provide Plaintiff the relief he requested.  (*See* ECF No. 17 at 6:24-7:7).  Plaintiff's motion provides no basis, factual or otherwise, to dispute this conclusion.  Plaintiff is thus attempting to re-litigate the same issues and arguments upon which the Court has already ruled.  As such, Plaintiff's motion for reconsideration as to defendants Oxborrow, Sandoval, and Jones is denied.

*///*

*///*

*///*

*///*

*///*

*///*

2

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 20) is DENIED.

IT IS FURTHER ORDERED that the stay issued in the Court's previous order (ECF No. 17) remains in effect.  The parties are directed to refer to that order for all deadlines and pertinent information concerning the further progression of this case.

DATED: This 12th day of April, 2016.

_____
United States District Judge

3